IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

TODD STAVE

    *Plaintiff,*

v.

EMPIRE AUTO PROTECT LLC

    *Defendant.*

Case No. 8:24-cv-03691-LKG

## AMENDED COMPLAINT

Plaintiff Todd Stave ("Plaintiff" or "Mr. Stave") brings this Amended Complaint against Defendant Empire Auto Protect LLC ("Defendant" or "Empire") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between 'individuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiate any outbound telephone call to a person when . . . that person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA and Maryland Telephone Consumer Protection Act ("MDTCPA"), alleging that Empire violated the TCPA and MDTCPA by making unauthorized telemarketing text messages and calls for the purposes of commercial solicitation to Plaintiff, whose number is listed on the National Do Not Call Registry, without his written consent.

**PARTIES**

4. Plaintiff Todd Stave is an individual residing in Rockville, Maryland.

5. Defendant Empire Auto Protect LLC, is a Delaware corporation which is headquartered in New Jersey and can be served via its registered agent, A REGISTERED AGENT, INC, 8 The Green, Ste A Dover, DE 19901.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. See *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

7. The Court has personal jurisdiction over Defendant Empire because they have repeatedly placed telemarketing calls and text messages to Maryland residents, and derive revenue from Maryland residents, and they sell goods and services to Maryland residents, including the Plaintiff. Defendant purposefully targets and otherwise solicits business from Maryland state residents through its website and through its telemarketing campaigns, including via text messages and calls.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the text messages and calls at issue were placed into this District to Plaintiff, a resident of Maryland.

## BACKGROUND

### A. The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10. Under the TCPA, a text message is treated as a call. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### B. THE TCPA REQUIRES ENTITIES TO HAVE SUFFICIENT POLICIES IN PLACE TO PREVENT UNWANTED CALLS BEFORE MAKING TELEMARKETING CALLS.

14. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

16. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

17. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

18. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

19. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

### C. THE REASSIGNED NUMBER DATABASE

20. On November 1, 2021, the FCC announced the launch of the Reassigned Numbers Database ("RND"). This centralized database is an important development for businesses across industries that are engaged in calling and/or text messaging activities directly or through third-party vendors.

21. The FCC has explained that the RND is "designed to prevent a consumer from getting unwanted calls intended for someone who previously held their phone number. Callers can use the database to determine whether a telephone number may have been reassigned so they can avoid calling consumers who do not want to receive the calls." *See*: https://www.fcc.gov/reassigned-numbers-database.

22. Safe Harbor: To be shielded from liability under the TCPA, a caller must prove that: (1) it obtained consent from the intended call recipient; (2) it or its duly authorized agent checked the RND prior to calling the number to verify that the number had not been permanently disconnected, or reassigned, after the date the caller obtained consent; and (3) the database returned a query response of "no" that was incorrect. *See* 47 CFR § 64.1200(m).

23. Companies should check the RND every 45 days at a minimum. This is because the FCC's RND Order requires carriers to wait 45 days between permanent disconnection and reassignment. *See* 47 CFR §§ 52.15(f)(1)(ii) and (f)(8), 52.103(d). Therefore, if you check a

5

number today and the RND indicates that it has not been permanently disconnected, there should be no need to check the number again for 45 days.

## FACTUAL ALLEGATIONS

24. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

25. At no point did the Plaintiff consent to receiving telemarketing calls or text messages from the Defendant prior to receiving the text messages and calls at issue.

26. Plaintiff's telephone number, (732) 735-9339, is a residential, non-commercial telephone number.

27. Mr. Stave uses the number for personal, residential, and household reasons.

28. Mr. Stave does not use the number for business reasons or business use.

29. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

30. Plaintiff's telephone number has been listed on the National Do Not Call Registry for more than a year prior to the calls at issue.

31. Mr. Stave acquired the number in or about February of 2024.

32. Defendant Empire's website is known as https://empireautoprotect.com/ provides consumers with aftermarket automotive repair insurance (warrantee) policies. Consumers across the United States use Defendant's website to purchase automotive warrantee policies.

33. Plaintiff has never been a customer of Empire and has no established business relationship with Empire.

34. Despite that fact, throughout October of 2024 and continuing through March of 2025, the Plaintiff received at least thirty-nine text messages and telemarketing calls from Empire attempting to sell him an automotive warranty.

6

35. Specifically, on October 8, 2024, the Plaintiff received an unsolicited text message from the caller ID 727-766-0432 which read:

"Empire Auto Protect. EMPIRE PRIME DAY SALE!"

A true and correct screenshot of this text message is below:



36. The Plaintiff was not interested in the Defendant's products and services.

37. The Plaintiff continued to receive unsolicited marketing text messages from Defendant attempting to sell Defendant's warrantees to Plaintiff. Table A below describes the text messages and calls in further detail including the dates, times, and caller ID for the calls and texts:

Table A

| Violation | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| | 10/8/2024 | 13:19 | 7277660432 | Texted: no calls no texts |
| | 10/9/2024 | 16:41 | 3028043327 | Texted: no calls no texts |

7

|    | Date       | Time  | Number     | Type |
|----|------------|-------|------------|------|
|    | 10/9/2024  | 16:41 | 7865677887 | Recorded call asking for no more calls or texts |
| 1  | 10/11/2024 | 13:10 | 7277660432 | text |
| 2  | 10/16/2024 | 15:17 | 5708522406 | call |
| 3  | 10/18/2024 | 14:15 | 7277660432 | text |
| 4  | 10/23/2024 | 13:53 | 3025322443 | call |
| 5  | 10/25/2024 | 13:49 | 5708522406 | call |
| 6  | 10/25/2024 | 14:08 | 9254682201 | text |
| 7  | 10/28/2024 | 19:44 | 5708522406 | call |
| 8  | 10/31/2024 | 13:36 | 5708522406 | text |
| 9  | 11/1/2024  | 14:13 | 9254682201 | call |
| 10 | 11/4/2024  | 16:20 | 5708522406 | call |
| 11 | 11/7/2024  | 15:27 | 5708522406 | text |
| 12 | 11/8/2024  | 14:03 | 9254682201 | call |
| 13 | 11/9/2024  | 12:57 | 5708522406 | call |
| 14 | 11/12/2024 | 16:39 | 5708522406 | call |
| 15 | 11/14/2024 | 14:00 | 5708522406 | text |
| 16 | 11/15/2024 | 13:41 | 9254682201 | call |
| 17 | 11/15/2024 | 21:41 | 5708522406 | call |
| 18 | 11/15/2024 | 22:16 | 5708522406 | call |
| 19 | 11/18/2024 | 14:25 | 5708522406 | call |
| 20 | 11/19/2024 | 13:53 | 3025322443 | call |
| 21 | 11/22/2024 | 15:28 | 2098059692 | text |
| 22 | 11/29/2024 | 13:34 | 9169066200 | text |
| 23 | 12/6/2024  | 14:06 | 9169066200 | text |
| 24 | 12/13/2024 | 13:43 | 4697501971 | text |
| 25 | 12/20/2024 | 13:09 | 9039620457 | text |
| 26 | 12/24/2024 | 14:03 | 9039620457 | text |
| 27 | 12/25/2024 | 10:50 | 9039620457 | text |
| 28 | 12/27/2024 | 13:20 | 6892232665 | text |
| 29 | 12/31/2024 | 13:37 | 8053445990 | text |
| 30 | 1/1/2025   | 14:31 | 8053445990 | text |
| 31 | 1/3/2025   | 13:28 | 2137719650 | text |
| 32 | 1/17/2025  | 13:40 | 4073050493 | text |
| 33 | 1/24/2025  | 14:40 | 4073050493 | text |
| 34 | 2/7/2025   | 15:59 | 3236937056 | text |
| 35 | 2/14/2025  | 15:01 | 2099192059 | text |
| 36 | 2/21/2025  | 15:29 | 4155940580 | text |
|    | 2/25/2025  | 14:10 |            | Served Defendant with Summons & Complaint. |
| 37 | 2/28/2025  | 15:20 | 5126314473 | text |

8

| 38 | 3/7/2025 | 15:39 | 8632308316 | text |
| 39 | 3/14/2025 | 16:02 | 9363424069 | text |

t

38. On October 8, 2024 at 8:37 PM, the Plaintiff texted the same number a do not call request stating, "No calls no texts please."

39. On October 9, 2024 at 4:41 PM, the Plaintiff received a phone call from Empire offering Empire's products for sale. Plaintiff clearly requested that Empire make no additional calls or send text messages and said request was acknowledged by the caller.

40. Despite this, Plaintiff received thirty-nine additional telemarketing calls and text messages from Defendant.

41. All thirty-nine (39) of these text messages and calls from Defendant were for the purpose of marketing and promoting the Defendant's products and services, automotive warranties to residential customers.

42. On February 25, 2025, Defendant was served with the Summons and Complaint in this action by a process server in Delaware.

43. Despite this service, Plaintiff has received at least three (3) additional solicitation text messages from Defendant (violations #37-39 in Table A) on February 28, March 7, and March 14, 2025, respectively.

44. The calls and texts were unwanted.

45. The calls and texts were nonconsensual encounters.

46. In fact, as described, the Plaintiff requested that the calls and texts stop, but they did not.

47. Plaintiff's privacy has been repeatedly violated by the above-described telemarketing calls and text messages.

48. At all times material hereto, the Defendant did not have any Do-Not-Call compliance policies implemented to ensure that individuals whose numbers were on the National

Do-Not-Call Registry were not contacted for sales purposes, or to otherwise remove numbers for people who have asked not to receive calls or texts from Defendant.

49. Upon information and belief, the Defendant has never checked the RND to ascertain whether or not any of the numbers it was contacting by text message and/or call had been reassigned or otherwise disconnected, including the Plaintiff's number in this case.

50. Plaintiff has been harmed by the acts of Defendant because his privacy has been violated and he were annoyed and harassed. In addition, the calls and texts occupied his telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CAUSES OF ACTION
### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227

51. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

53. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitations and text messages to be initiated to Plaintiff in a 12-month period, despite the Plaintiff's registration of his telephone number on the National Do Not Call Registry.

54. These violations were willful or knowing.

55. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff is entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

56. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))

57. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls and text messages, except for emergency purposes, to Plaintiff despite previously requesting that such calls and texts stop.

59. Defendant's violations were negligent, willful, or knowing.

60. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of up to $500 and in damages for each and every telemarketing call and text sent and up to $1,500 in damages if the calls and/or texts are found to be knowing and/or willful.

## COUNT III
### Violation of the Maryland Telephone Consumer Protection Act, Maryland Commercial Law Code §14-3201

61. By placing at least thirty-nine (39) telemarketing calls and text messages to the Plaintiff in violation of the TCPA, 47 U.S.C. § 227(c), Defendant violated the Maryland Telephone Consumer Protection Act, Maryland Commercial Law Code §14-3201(2) ("MDTCPA").

62. Two telemarketing calls were placed after 8:00 PM.

63. This constitutes forty-one (41) violations of the MDTCPA,

64. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute at least forty-one (41) violations of the MDTCPA, Maryland Commercial Law Code §14-3201(2) and §14-3202(b), by making telemarketing calls and text messages to Plaintiff's number, on the National Do-Not-Call Registry.

65. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the MDTCPA, Plaintiff is entitled to an award of $500 in damages for each and every telemarketing call and/or text message made to his telephone number for sales purposes in violation of the statute, pursuant to the MDTCPA. *See* Md. Code, Com. §14-3202(b)(2)(i).

66. Although Plaintiff is currently proceeding pro se in this action, Plaintiff is also entitled to and does seek his reasonable attorney's fees and costs, in the event he retains an attorney to represent him. See Md. Code, Com. §14-3202(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant for:

A. Damages to Plaintiff pursuant to 47 U.S.C. § 227(c)(5);

B. Damages to Plaintiff pursuant to the MDTCPA, §14-3202(b)(2)(i).

C. Injunctive relief for Plaintiff, pursuant to 47 U.S.C. § 227(c)(5), preventing the Defendant from making calls to numbers listed on the National Do Not Call Registry and/or preventing the Defendant from making calls to numbers which have previously requested that the Defendant not call;

D. Attorneys' fees and costs, as permitted by law, including under the MDTCPA, if Plaintiff retains an attorney to represent him in this action.

E. Such other or further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of April, 2025.

Todd Stave
11403 Spice Oak Ter.
Rockville, MD 20850
Phone: (732) 735-9339
toddstave@gmail.com
Plaintiff, Pro Se